IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES M. GARDNER**                                                       **PLAINTIFF**

v.                                          CIVIL ACTION NO. 1:17-cv-137-HSO-JCG

**MARSHAL TURNER et al.**                                          **DEFENDANTS**

### REPORT AND RECOMMENDATION THAT PLAINTIFF'S SUIT BE DISMISSED FOR FAILURE TO PROSECUTE AND ABIDE BY ORDERS OF THE COURT

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff James M. Gardner. Plaintiff filed this suit *pro se* and *in forma pauperis* on May 3, 2017, while in the custody of the Mississippi Department of Corrections (MDOC) and housed at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. It is recommended that Plaintiff's Complaint be dismissed due to Plaintiff's failure to prosecute and abide by numerous Orders of the Court.

Plaintiff sued numerous Defendants who have now been served and answered the Complaint. An Order for Plaintiff to Show Cause issued on April 3, 2018, based on information from MDOC's website which indicated that Plaintiff had been released from MDOC custody. (ECF No. 42).[1] The Order to Show Cause was mailed to Plaintiff at his address of record at a housing facility in Parchman, MS, but was returned with a note on the envelope providing "Expiration/Prob 2/6/2018." (ECF No. 43).

---

[1] https://www.ms.gov/mdoc/inmate

Plaintiff was informed on numerous occasions that his failure to advise the court of a change of address would be deemed a purposeful and contumacious act by him that could result in this case being dismissed. (ECF Nos. 3, 4, 6, 7, 11, 20, 29). Plaintiff was warned that failure to timely comply with a Court order could lead to the dismissal of his Complaint. (ECF Nos. 4, 6, 7). Plaintiff was advised repeatedly that it was his responsibility to prosecute his claims. (ECF Nos. 11, 20, 29).

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the Court finds a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has not kept the Court apprised of his current mailing address, even after repeated warnings that failure to do so subjected his case to dismissal. Plaintiff was apparently released from custody in February 2018 and has had ample time to file a change of address with the Court. Plaintiff was informed numerous times that failure to timely comply with a Court order subjected his case to dismissal. Plaintiff has been advised that it is his duty to prosecute his claims. Plaintiff apparently is no longer interested in pursuing this suit. Lesser sanctions than dismissal would not prompt diligent prosecution. The undersigned recommends that all claims against all Defendants be dismissed under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by numerous Orders of the Court.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and

recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This Report and Recommendation will be mailed to Plaintiff at his last known address: James M. Gardner, #L8046, Camp 29C Bed 29, P.O. Box 1057, Parchman, MS 38738.

**SIGNED,** this the 26th day of April, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE