**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JAMES M. GARDNER**                                                    **PLAINTIFF**

**v.**                                                    **Civil No. 1:17cv137-HSO-JCG**

**MARSHAL TURNER et al.**                                                    **DEFENDANTS**

<u>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [44] AND DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE**</u>

This matter comes before the Court on the Report and Recommendation [44] of United States Magistrate Judge John C. Gargiulo, entered on April 26, 2018. Plaintiff James M. Gardner ("Gardner") filed a pro se Complaint under 42 U.S.C. § 1983 in this Court claiming that Defendants violated his constitutional rights while he was in the custody of the Mississippi Department of Corrections ("MDOC"). After Gardner was released from imprisonment, Gardner failed to apprise the Court of his current address.   The Magistrate Judge recommended that this case be dismissed for Gardner's failure to prosecute and abide by numerous orders of the Court.   After due consideration of the Report and Recommendation [44], the record, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, and that Gardner's Complaint should be dismissed without prejudice.

## I. <u>BACKGROUND</u>

On May 3, 2017, Gardner filed a pro pleading entitled Prisoner's Complaint

[1] Challenging Conditions of Confinement against numerous Defendants, including the wardens, correctional officers, and medical staff of the South Mississippi Correctional Institution ("SMCI"). Gardner alleged that he was an inmate in the custody of the MDOC housed at SMCI. The Complaint claimed that he was repeatedly assaulted by correctional officers and denied medical care.

In numerous Orders, the Magistrate Judge explicitly warned Gardner that it was his responsibility to prosecute this case, and that failure to comply with any orders of the Court or to advise the Court of a change of address would be deemed a purposeful delay and contumacious act that may result in dismissal of his case. Orders [3, 4, 6, 7, 11, 17, 20, 29].

On April 3, 2018, the Magistrate Judge issued an Order [42] for Plaintiff to Show Cause, noting that Gardner had been released from prison, but had not provided the Court with a forwarding address. Order [42] at 1. The Magistrate Judge ordered Gardner to show cause why this suit should not be dismissed for failure to prosecute and to obey the Court's orders requiring him to keep the Court apprised of his current address. *Id.* at 2. A copy of the Order to Show Cause was mailed to Gardner at his address of record via certified mail, return receipt requested. However, this mail was returned with a note on the envelope stating, "Expiration/Prob 2/6/2018." Envelope [43].

On April 26, 2018, the Magistrate Judge entered a Report and Recommendation that Gardner's suit be dismissed for failure to prosecute and abide by orders of the Court. R. & R. [44]. The Magistrate Judge stated that Gardner

was informed on numerous occasions that his failure to advise the Court of a change of address or failure to timely comply with a Court order could result in dismissal of his case. *Id.* at 2. The Magistrate Judge further noted that an Order to Show Cause was sent to Gardner based on information from MDOC's website which indicated Gardner had been released from MDOC custody. As such, the Order to Show Cause could not be delivered to Gardner's address of record and was returned to the Court. *Id.* at 1. The Magistrate Judge recommended that Gardner's claims be dismissed for failure to prosecute and to abide by numerous Court orders. *Id.* at 3.

The Report and Recommendation advised Gardner that he had fourteen days to file any objections, otherwise, he would be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Id.* at 3-4. A copy of the Report and Recommendation was mailed to Gardner at his address of record on April 26, 2018, however, the mail was returned as undeliverable. Envelope [45]. To date, Gardner has not objected to the Report and Recommendation, and the time for doing so has passed.

## II. DISCUSSION

### A. Legal Standard

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B. <u>Analysis</u>

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court" under Federal Rule of Civil Procedure 41(b). *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant." *Id.* The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash Railroad*, 370 U.S. 626, 630 (1962). Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Dismissals for failure to prosecute and comply with court orders are appropriate when: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted).

Here, the Magistrate Judge did not clearly err in finding a clear record of

delay and contumacious conduct. The Magistrate Judge explicitly and repeatedly warned Gardner that failure to advise the Court of a change of address would be deemed a purposeful delay and contumacious act that may result in dismissal of his case. Gardner still has not updated his forwarding address.

Nor did the Magistrate Judge clearly err in finding that lesser sanctions would not prompt diligent prosecution. "Lesser sanctions include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings." *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (citation and quotation marks omitted). Gardner is "proceeding *in forma pauperis*, thus any monetary sanctions would have been fruitless." *Id.* The Magistrate Judge explicitly warned Gardner that his failure to keep the Court apprised of his current address or to comply with Court orders could result in dismissal of his case.

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [44] as the opinion of this Court.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation [44], entered in this case on April 26, 2018, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff James M.

Gardner's Complaint [1] is **DISMISSED WITHOUT PREJUDICE**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 15th day of June, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE